# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK A. WALLER, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. CIV-10-1359-D |
| ERIC FRANKLIN, Warden, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss to which Petitioner has responded. For the following reasons, the undersigned recommends that Respondent's motion to dismiss be granted.

At all relevant times, Petitioner was an inmate at Jess Dunn Correctional Center. By this action, he challenges his confinement in the segregation housing unit at Jess Dunn Correctional Center for six months and his reduction from a level four to a level one classification. Petition, 1. Petitioner claims that his due process rights were violated when he was not provided with a hearing or a misconduct report prior to his confinement in the segregation housing unit. Petition, 1-2. He also claims that his reduction to a level one classification affected the duration of his sentence and thus deprived him of a liberty interest.

Petition, 1. Finally, he claims that his earned credits were never returned to him after he was released from the segregation housing unit. Petition, 2.

## I. BACKGROUND

Petitioner does not provide any dates or information regarding his placement in the segregation housing unit and the reduction in his level classification. He also does not provide any information regarding any attempt by him to exhaust his available remedies. However, documents attached to the motion to dismiss show that Petitioner was placed in the segregation housing unit on August 26, 2009, pending an investigation of the introduction of contraband into the prison, and he was not released from the segregated housing unit until December 7, 2009.[1] Respondent's Motion to Dismiss, 2; Ex. 1, at 6, Ex. 2. Upon placement in the segregation housing unit, Petitioner was assigned to a level one classification in accordance with the policies of the Oklahoma Department of Corrections (ODOC). Respondent's Motion to Dismiss, Ex. 1, at 6, Ex. 5, at 2. On November 1, 2009, he was assigned to a level two classification, on December 1, 2009, he was assigned to a level three classification, and on January 1, 2010, he was assigned to a level four classification. Respondent's Motion to Dismiss, Ex. 1, at 6-7.

---

[1] The attachments also show that Petitioner was placed in the segregation housing unit on July 30, 2009. Respondent's Motion to Dismiss, Ex. 1, at 6. However, Petitioner seems to concede in his response to the motion to dismiss that he is contesting his August through December 2009 confinement in the segregation housing unit. Petitioner's Response, 3. (Petitioner's response does not contain page numbers, and thus, the undersigned has inferred them.)

## II. MOTION TO DISMISS

Respondent moves to dismiss the petition on two grounds: failure to exhaust administrative remedies and untimeliness. Motion to Dismiss, 3-5. Petitioner responds that he was not required to present his claims to the state courts because such action would be futile as Oklahoma does not provide an adequate remedy to prisoners challenging decisions which affect their earned credit status. Petitioner's Response, 1-2. Petitioner also contends that he timely filed his habeas corpus petition. Petitioner's Response, 3. Because the undersigned determines that Petitioner has not exhausted his administrative remedies, Respondent's argument regarding the timeliness of the petition is not addressed.

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available administrative remedies is required for petitions brought under § 2241. Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." Woodford v. Ngo, 548 U.S. 81, 90 (2006). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." Garza, 596 F.3d at 1203. The petitioner bears the burden to show that administrative remedies have been exhausted. See Jones v. Davis, No. 09-1463, 366 Fed. Appx. 942, 944 (10th Cir. Feb. 23, 2010)[2] (citing Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981)).

---

[2]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

The ODOC offender grievance process requires a state prisoner to first seek informal resolution by talking with the appropriate staff member within three calendar days of the incident of which the prisoner complains. OP-090124(IV)(A). If the issue remains unresolved, the prisoner must then submit a request to staff to the appropriate staff member within seven calendar days of the incident. OP-090124(IV)(B)(1)-(2). The staff member must respond to the request to staff within ten working days of receipt of the request, and the staff member must document on the request any actions taken and any applicable ODOC procedures. OP-090124(IV)(B)(4). If the incident complained of is not resolved informally, the prisoner must submit a grievance along with the request to staff to the reviewing authority[3] within fifteen calendar days of the incident or the date of the response to the request to staff, whichever is later. OP-090124(V)(A)(1). The reviewing authority must respond to the grievance within fifteen working days of receipt of the grievance. OP-090124(V)(C)(1). The prisoner may then submit a final appeal to the administrative review authority[4] within fifteen calendar days after receipt of the reviewing authority's response to the grievance. OP-090124(VII)(B). The administrative review authority has twenty working days from the receipt of the grievance appeal to respond. OP-090124(VII)(B)(3). The ruling of the administrative reviewing authority is final and concludes the prisoner's administrative remedies. OP-090124(VII)(D)(1).

---

[3]The facility head is defined as the reviewing authority under the offender grievance process. OP-090124(I)(D).

[4]The Director of ODOC is defined as the administrative review authority under the offender grievance process. OP-090124(I)(E).

4

The undersigned finds that dismissal is appropriate because Petitioner has failed to show that he exhausted his administrative remedies or that exhaustion would be futile. Petitioner submitted a request to staff to the deputy warden of the Jess Dunn Correctional Center on October 21, 2009, in which he requested information regarding his confinement in the segregation housing unit, and the deputy warden replied the following day, stating that Petitioner would be transferred shortly. Respondent's Motion to Dismiss, Ex. 3, at 5-6. However, rather than submitting a grievance to the warden as required, Petitioner sent a grievance directly to the Director of ODOC, and the Director's Designee returned the grievance unanswered because the facility head had not had a chance to respond to it and because Petitioner had filed it out of time. Respondent's Motion to Dismiss, Ex. 3, at 2-4. Petitioner does not contend that he has properly exhausted his administrative remedies or that exhaustion would be futile. Thus, it is clear that Petitioner has not exhausted his administrative remedies.

As stated above, Petitioner argues that exhaustion would be futile because he does not have an adequate state court remedy, and in support, he cites to a number of Tenth Circuit opinions. Petition, 2-3; Petitioner's Response, 1-2. However, regardless of whether he has an adequate state court remedy, he was still required to exhaust his administrative remedies, and the cases he cites do not hold differently. See, e.g., Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005) (state conceded petitioner had exhausted his administrative remedies and thus the decision only discussed adequacy of Oklahoma state court remedies); Gamble v. Calbone, 375 F.3d 1021, 1026-27 (10th Cir. 2004) (same), superseded by statute, Okla.

Stat. tit. 57, § 564.1, as recognized in Magar v. Parker, 490 F.3d 816 (10th Cir. 2007). Accordingly, the undersigned recommends that Respondent's motion to dismiss be granted and the petition be dismissed for failure to exhaust administrative remedies.

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that Respondent's Motion to Dismiss be **GRANTED**, and Petitioner's petition for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust available administrative remedies. In light of this recommendation, it is further recommended that Petitioner's Motion for Injunctive Relief attached to the end of his Petition be **DENIED**. Petitioner is advised of the right to object to this Report and Recommendation by May 9, 2011, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72, by filing objections with the Clerk of Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned Magistrate Judge.

**ENTERED THIS 19th day of April, 2011.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE